UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO:

LEOLA Y. HOPKINS,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**COMPLAINT**

COMES NOW, Plaintiff, LEOLA Y. HOPKINS, (hereinafter "HOPKINS") by and through her undersigned counsel, and files her Complaint suing the Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL"), and states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. HOPKINS is a citizen of the United States of America, residing in the state of Georgia, at the address above captioned, and therefore diversity exists.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

4. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personal jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

5. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

6. That Defendant, CARNIVAL, is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as CARNIVAL, providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the "Carnival Mardi Gras".

7. In the operative ticket contract, CARNIVAL requires fare-paying passengers such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

## ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the Carnival Mardi Gras.

11. At all material times, including the injury date of February 1, 2024, the Plaintiff was a fare paying passenger aboard the Carnival Mardi Gras (the "subject vessel") and in that capacity was lawfully present aboard the vessel.

12. On February 1, 2024, Plaintiff, HOPKINS, was exiting a very crowded veterans banquet inside the Mardi Gras theater on deck 7, navigating the exiting crowds heading towards the exit doors towards the top of the theater, when all of a sudden and without notice, her foot was run over by an individual operating a powerchair and/or motorized scooter that backed up into the

crowd of exiting people, causing HOPKINS to be knocked backward onto the stairs behind her. The Plaintiff sustained severe injuries due to this incident.

13. Plaintiff contends the condition created by the overcrowding of the theater and the lack of personnel to attend to the safe exit of the fare-paying passengers did not occur "over night" and that the event was planned far in advance of the passenger's boarding the vessel and CARNIVAL either knew or should have known of the dangerous condition the situation posed to the passengers and provided no assistance or warning.

14. Plaintiff further contends that there is no handicap marked places for the powerchair and/or motorized scooters at the top seating levels of the theater. Lack of supervision from the crewmember(s) tending to the event, allowing the powerchair and/or motorized scooter to occupy a position at the top seating level of the theater caused the dangerous and hazardous situation that initiated this incident.

15. Plaintiff contends that CARNIVAL did not and does not have a clear and concise exit plan for the theater to ensure a safe exit for all the theater attendees. There is no designated exit lane for scooters, walkers or wheelchairs.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifteen (15) above as if alleged fully herein.

16. At all times material, CARNIVAL, had a duty to use reasonable care under the circumstances to protect its passengers and crew from harm.

17. At all material times, Defendant had a duty to its passengers, including HOPKINS, to have safe accommodations about the ship and that would include all the areas in and around the Mardi Gras Theater on deck 7.

18. At all material times, CARNIVAL had a duty to its passengers, including HOPKINS, to manage their on board events in such a way as to avoid over-crowding in areas of the Mardi Gras theater on deck 7, so they would not present a hazard and risk of injury not reasonably known to its passengers, but which CARNIVAL knew or should have known existed in the exercise of reasonable care under the circumstances.

19. CARNIVAL had a further duty to its passengers and the Plaintiff, HOPKINS, to warn of dangerous conditions which CARNIVAL employees, and which employees on the MARDI GRAS, knew or should have known in the exercise of reasonable caution regarding the over-crowding of the Mardi Gras Theater on Deck 7 during ship's events occurring in those areas.

20. CARNIVAL had a further duty to implement a clear and concise exit strategy for the theater attendees.

21. On or about February 1, 2024, CARNIVAL breached its duties to the Plaintiff, by failing to use reasonable care under the circumstances in negligently failing to manage crowds at an event held by the Carnival Mardi Gras in the Mardi Gras Theater on deck 7.

22. CARNIVAL breached its duties in the following ways that included, but are not limited to, the following:

   a. The Defendant held a veteran's banquet in the area of the Mardi Gras theater and over sold or over invited passengers for the event for the allotted space;

   b. The Defendant failed to monitor the traffic flow of the passengers through the Mardi Gras theater at the time of the veteran's banquet and thereby allowed the area to become over-crowded and therefore dangerous;

   c. The Defendant failed to inform the passengers of the veteran's banquet event so that the area and/or theater would not become over-crowded;

      d. The Defendant failed to close off the Mardi Gras theater on deck 7 to passengers who had not been invited and/or purchased tickets for the veteran's banquet thereby allowing the theater to become over-crowded;

      e. The Defendant allowed the theater to become over-crowded to the extent that passengers on powerchair and/or motorized scooters were placed in spots in the theater not designated and/or intended for handicap seating or placement, making it hard for passengers to easily detect this hazard, thereby creating a hidden hazard when the event concluded for the passengers to safely and without hazard exit the theater.

      f. Failure to warn passengers and the Plaintiff of other accidents previously occurring in same area due to the over-crowding, making it unreasonably dangerous and failed to warn of that dangerous condition, resulting in the fall of Plaintiff, causing severe injuries and damages to Plaintiff.

23. At all material times the dangerous condition of the inadequately placement of the passengers on powerchairs and/or motorized scooters referenced above was neither known, open nor obvious to the Plaintiff.

24. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff's foot was run over by a passenger on a powerchair and/or motorized scooter and fell backward onto stairs and thereby sustained and will continue in the future to sustain the damages alleged above.

25. As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future

medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT II– NEGLIGENT DESIGN

Plaintiff re-alleges all allegations pled in paragraphs one (1) through fifteen (15) above as if alleged fully herein.

26. At all times material, CARNIVAL had a duty to use reasonable care toward its passengers in creating, participating in, or approving the design of its vessel, MARDI GRAS.

27. CARNIVAL actively markets to families and holds itself out as making accommodations to its customers.

28. At all times, CARNIVAL has a duty to its passengers, including HOPKINS, to design, or approve the design of a safe theater in or about the vessel, in particular the placement of the handicap seating areas located at the Mardi Gras Theater, so to not create a hazard when passengers are entering or exiting the theater, thereby leading to injuries, as the one suffered by HOPKINS, on the MARDI GRAS.

29. At all times, Defendant had a duty to its passengers, including HOPKINS, to design, or approve the design, of its handicap seating and/or designated areas in the Mardi Gras Theater on deck 7 so they would not present a hazard and a risk of injury to its passengers

exiting and entering the theater, but which CARNIVAL knew or should have known existed in the exercise of reasonable care.

30. On information and belief, on or about February 1, 2024, CARNIVAL breached its duties to the Plaintiff, by previously failing to use reasonable care under the circumstances in negligently creating, participating in the designing, or approving the design, of the placement of the handicap seating areas located at the Mardi Gras Theater aboard the CARNIVAL MARDI GRAS.

31. AS a proximate result of CARNIVAL's negligent failure in creating, participating in the designing, or approving the design, of placement of the handicap seating areas located at the Mardi Gras Theater aboard the CARNIVAL MARDI GRAS, on or about February 1, 2024, HOPKINS severely injured her body.

32. CARNIVAL breached it duty of care in this case in negligently creating, participating in the design, or in approving the design (or alteration) of the CARNIVAL MARDI GRAS under the circumstances that, inter alia:

   a. Defendant previously, created, participated in, or approved the negligent design or alterations which failed to provide safe, danger free placement of the handicap seating areas on its vessel where passengers such as HOPKINS were injured in particularly the area of the Mardi Gras Theater.

   b. Defendant in creating, participating in, or approving the negligent design could have made the area where HOPKINS was run over by a powerchair and/or motorized scooter, causing her to fall backwards on to the stairs, danger free when the Defendant knew it would solicit the business of customers, including the Plaintiff, in the Mardi Gras Theater on deck 7.

33. By negligently creating, participating in, or approving the negligent design of the vessel so as not to be in a safe condition for their passengers, including HOPKINS, as more fully stated above, CARNIVAL knew or should have known in the exercise of reasonable caution that a dangerous condition existed in the placement of the handicap seating areas

located at the Mardi Gras Theater because of the narrow spacing between the rows and the proximately to the aisles and/or rows stairs and/or steps.

34. The aforementioned negligence of CARNIVAL created a hazardous condition to its passengers and to HOPKINS specifically, and the condition was known to CARNIVAL or was within CARNIVAL's control in the creation of the design, participation in the design, or acceptance of the design, (or alteration) of the vessel, that such would present itself as a dangerous condition to CARNIVAL's intended for customers like HOPKINS.

35. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff's foot run over by a passenger on a powerchair and/or motorized scooter and fell backward onto stairs and thereby sustained and will continue in the future to sustain the damages alleged above.

36. As a direct and proximate result of the event described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 24th of January, 2025.

>MORGAN AND MORGAN
>Attorney for Plaintiffs
>1700 Palm Beach Lakes Blvd, Suite 500,
>West Palm Beach, FL 33401
>T: (561) 341-8905
>F: (561) 341-8930
>Mark.Hanson@forthepeople.com
>Vanessa.Novoa@forthepeople.com
>
>BY:*/s/MARK HANSON*
>    MARK HANSON, ESQ.
>    FLORIDA BAR NO: 621651